UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID MUNGUIA,

   Plaintiff,

vs.                                      CASE NO.

PUBLIX SUPER MARKETS, INC.
a Florida Profit Corporation,

   Defendant.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, DAVID MUNGUIA (hereinafter "Plaintiff") by and through the undersigned counsel, and files this Complaint against Defendant, PUBLIX SUPER MARKETS, INC., (hereinafter "PUBLIX") (hereinafter "Defendant") and states as follows:

## **JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended, (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount of liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§2201-02.

## PARTIES

4. At all times material hereto, Plaintiff, DAVID MUNGUIA, is and was a resident of Collier County, Florida.

5. At all times material hereto, PUBLIX SUPER MARKETS, INC. was and continues to be a Florida Profit Corporation.

6. Further, at all times material hereto, PUBLIX SUPER MARKETS, INC. was, and continues to be, engaged in business in Florida, with a principle place of business in Collier County, Florida.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §7 of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of FLSA.

9. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

10. Defendant was and continues to be an "employer" within the meaning of FLSA.

11. At all times material hereto, Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant is in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, Defendant has two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, the Plaintiffs were "engaged in commerce" and subject to individual coverage of the FLSA.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

16. Plaintiff, DAVID MUNGUIA worked for Defendant from approximately November 2015 until December 28, 2019.

17. On several occasions, Plaintiff, DAVID MUNGUIA had to miss work due to doctor's appointments for his workers' compensation injury.

18. Defendant did not pay Plaintiff for work missed due to his workers' compensation doctor appointments he attended.

19. Plaintiff has retained BERKE LAW FIRM, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## PURSUANT TO 29 C.F.R. §785.43

20. On several occasions, Plaintiff, DAVID MUNGUIA had to miss work due to workers' compensation doctor's appointments for his workers' compensation injury.

21. Defendant did not pay Plaintiff for work missed due to his workers' compensation doctor appointments he attended.

22. Plaintiff, DAVID MUNGUIA was and is entitled to be paid for those hours that he reported to work for the Defendant and was not paid.

23. At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

24. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for the hours that he reported to work for the Defendant, such was, and is due.

25. Defendant has failed to properly disclose or apprise Plaintiff of their rights under the FLSA.

26. Due to intentional, willful, and unlawful acts of Defendant, Plaintiff, and others similarly situated, suffered and continue to suffer damages and lost compensation for hours that he reported to work for the Defendant and was not paid, plus liquidated damages.

27. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

28. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Regulations, 29 C.F.R. §516.2 and §516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees.

29. Pursuant to 29 C.F.R. §785.43, time spent by an employee in waiting for or receiving medical attention on the premises or the direction of the employer during the employee's normal working hours on days when he is working constitutes hours worked.

30. The Fair Labor Standards Act (FLSA) requires that Defendant compensate Plaintiff for any and all work hours missed for attending workers' compensation doctor's appointments at his regular pay and recalculate if any overtime compensation due.

WHEREFORE, Plaintiff, DAVID MUNGUIA respectfully requests that judgment be entered in his favor against Defendant:

a. Awarding Plaintiff compensation for work hours missed for attending workers' compensation doctor's appointments.

b. Awarding Plaintiff liquidated damages in an amount equal to the award;

c. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

d. Awarding Plaintiff pre-judgment interest;

e. Issue an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated non-exempt employees employed by Defendants within the past three years.

f. Plaintiff demands Trial by Jury on all issues so triable.

Respectfully submitted on this 11th day of March 2020.

                                  BERKE LAW FIRM, P.A.

By: _____
      Bill B. Berke, Esq.
      Florida Bar No. 0558011
      billbberke@gmail.com
      4423 Del Prado Blvd. S.
      Cape Coral, FL 33904
      Telephone: (239) 549-6689
      *Attorney for Plaintiff*