**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| DAVID MUNGUIA, ) | |
| ) | Case No. 2:20-cv-163-SPC-MRM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PUBLIX SUPER MARKETS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Publix Super Markets, Inc. moves under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff David Munguia's Fair Labor Standards Act Complaint for failure to state a claim.

**INTRODUCTION**

Plaintiff Munguia, a former meat cutter for Publix, claims he is owed wages for work missed due to doctor's appointments he allegedly attended for a workers' compensation injury. (ECF No. 1 at 3). But he never says when those appointments occurred. He never says who told him to go or who made the appointments. He never says whether he was working on the days he supposedly went to the doctor. And he never says that the pay he received fell below either the statutory minimum wage or resulted in unpaid overtime.

Plaintiff Munguia's claim Complaint is due to be dismissed. First, simply attending a doctor's appointment, even if for a work-related injury, does not constitute hours worked under the FLSA without more. Second, even if Plaintiff presented sufficient allegations to demonstrate that the alleged appointments constitute hours worked, he fails to allege that the purported unpaid work time drove his effective wage rate below the minimum wage or resulted

-2-

in overtime work without overtime pay, which is required to present an actionable claim under the FLSA. Third, even if Plaintiff presented substantively viable claims and allegations, he says nothing to indicate whether the alleged unlawful conduct took place during, or outside of, the portion of his employment that falls within the FLSA's statute of limitations period, leaving open the plain possibility that his claims are time-barred. Any one of these grounds would warrant dismissal of Plaintiff's Complaint; all of them together seal the pleading's fate.

## BACKGROUND[1]

Plaintiff worked for Publix from about November 2015 until December 28, 2019. (ECF No. 1 at 3). "On several occasions," according to Plaintiff, he "had to miss work due to doctor's appointments for his workers' compensation injury." (*Id.*) Publix "did not pay [him] for work missed due to his workers' compensation doctor appointments he attended." (*Id.*)

Those three sentences are the entirety of the Complaint's "Statement of Facts." (*Id.*) Plaintiff does not allege in that statement, or anywhere else in the pleading, that non-payment for doctor appointments resulted in his pay falling below the minimum wage, or resulted in a failure to pay overtime. He also says nothing about Publix's role in his allegedly missed work.

## ARGUMENT

Plaintiff's Complaint seeks wages allegedly due under the FLSA pursuant to 29 C.F.R. § 785.43 for time spent at doctor's appointments. The Complaint lacks, however, allegations that: (i) Publix directed Plaintiff to attend any appointment during his normal work hours; or (ii) as a result of the purported unpaid work time, Plaintiff was paid less than minimum wage

---

[1] The alleged facts upon which this motion is grounded are lifted from Plaintiff's Complaint and taken as true only for purposes of this motion.

or did not receive overtime compensation under the FLSA. The Complaint also says nothing as to when the alleged unlawful conduct occurred, a critical omission given that a portion of Plaintiff's employment falls outside the FLSA's statute of limitations. For these reasons—any one of which suffices to support this motion—the Complaint should be dismissed.

**I.      Plaintiff's Complaint Fails Because He Does Not Demonstrate That His Doctor's Appointments Constitute Compensable Time Under the FLSA.**

Plaintiff fails to assert a viable claim that Publix did not pay him for compensable time under the FLSA. The FLSA guidance that Plaintiff places at issue, 29 C.F.R. § 785.43, instructs that the time an employee spends waiting for and receiving medical care is compensable if that time occurs: (i) because the employer directed the employee to go to the doctor; (ii) during the employee's normal working hours; and (iii) on days when the employee is working. Conversely, time spent receiving medical care on days off, after hours the employee normally works, or during periods of leave does not qualify as hours worked. *See Germundson v. Armour-Eckrich Meats, LLC*, 276 F. Supp. 3d 911, 920 (N.D. Iowa 2017).

In *Germundson*, for example, the plaintiff sought to count hours spent at doctor's appointments as hours worked for purposes of FMLA eligibility, and that claim turned on the proper interpretation of 29 C.F.R. § 785.43. *Id.* at 919. Among the time plaintiff sought to count toward her hours worked were: (i) hours during which she left work to attend appointments; (ii) hours spent at appointments on workdays, but not during normal working hours; and (iii) hours spent at appointments while on medical leave. *Id.* Looking at the plain language of § 785.43, the court held that only the first bucket of time—i.e., appointment hours during which she left work to go to the doctor—counted as hours worked. *Id.* at 920. Appointments on workdays but outside normal hours were not "hours worked," the court ruled,

because they "did not occur 'during normal working hours on days when he was working.'" *Id.* (quoting 29 C.F.R. § 785.43) (cleaned up). Critically, hours spent at appointments while on worker's compensation leave by definition occurred when the plaintiff was not working and thus likewise were not "hours worked." *Id.*

Plaintiff says only that he missed work due to doctor's appointments for a "worker's compensation injury." (ECF No. 1 at 3). He does not allege that the appointments occurred during normal working hours. He also never alleges that they occurred on days he worked. Those failures alone preclude stating a claim under the guidance of 29 C.F.R. § 785.43, as interpreted in cases like *Germundson*.

But even if this Court generously assumes that Plaintiff Munguia's "missed work" allegation means the appointments occurred on days when he was working, and occurred during normal work hours, nothing about his allegations suggests Publix directed him to attend those appointments. He does not allege that Publix or its agents scheduled any appointment for him. *See Copeland v. ABB, Inc.*, 521 F.3d 1010, 1013 (8th Cir. 2008) (holding that defendant "directed" plaintiff to attend doctor's appointment because it's worker's compensation administrator scheduled the appointment for the employee). Nor does he say that Publix ordered him to go to the doctor, or that Publix conditioned his employment, pay, or benefits on attending the appointments. Plaintiff never even alleges that Publix recommended or suggested that he obtain medical care. *See, e.g.*, *Tum v. Barber Foods, Inc.*, 2002 WL 89399, at *14 (D. Me. 2002) (finding that employer's *recommendation* that employees visit the company medical office on their lunch breaks insufficient to show that employer directed its employees to receive medical attention for purposes of § 785.43).

In short, Plaintiff fails to allege that his allegedly unpaid time was compensable time under the FLSA. This is reason alone to dismiss his Complaint.

## II. Plaintiff's Complaint Fails Because He Does Not Allege That His Purported Unpaid Work Time Resulted in a Minimum Wage or Overtime Violation Under the FLSA.

Even if Plaintiff sufficiently alleged that his attendance at doctor appointments is compensable time (which he does not), he fails to assert non-payment of minimum wages or overtime compensation under the FLSA. This is yet another reason that his Complaint fails to assert a claim upon which relief may be granted.

The FLSA limits relief to employees who claim violations of 29 U.S.C. §§ 206 and 207 to "their unpaid minimum wages, or the unpaid overtime compensation, as the case may be and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "All that the FLSA requires," then, "is that an employee be paid at least the minimum wage for all hours worked, and if no exemption applies, overtime pay for each hour in excess of the statutory minimum." *Bolick v. Brevard Cty. Sheriff's Dep't*, 937 F. Supp. 1560, 1568 (M.D. Fla. 1996) (citing 29 U.S.C. §§ 206-07; *Walling v. A.H. Belo Corp.*, 316 U.S. 624, (1942) (holding that the FLSA does not bar employers from paying some wages at a lower rate as long as lower rate equals or exceeds minimum wage)).

Put differently, Plaintiff must establish that either (i) he failed to receive overtime pay for hours worked beyond 40 hours in a workweek, or (ii) pay per hour for all compensable time in a workweek fell below the minimum wage. *See Bolick*, 937 F. Supp. at 1568; *Brown v. Miller Enviro-Care, Inc.*, No. 6:1-cv-1151-Orl-41TBS, 2018 WL 5084751, at *5 (M.D. Fla. Aug. 8, 2018); *see also United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d

Cir. 1960); *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 5115005, at *3 (M.D. Ga. 2008) ("[A]n employer's failure to compensate an employee for each hour of work does not necessarily violate the minimum wage provision; a minimum wage violation occurs only when the total compensation received in a particular week is less than the minimum wage multiplied by the hours actually worked.").

Plaintiff does not claim that, as a result of the unpaid appointments, he received less than minimum wage in any week or incurred overtime hours (i.e., hours in excess of 40 in a week) without overtime pay (i.e., compensation at a rate of 1.5 times the "regular rate" of pay). Indeed, Plaintiff merely alleges that he "missed work due to doctor's appointments for his workers' compensation injury," and was not paid for that missed work. (ECF 1 at 3). He does not allege that those unpaid wages reduced his pay for a given workweek below the minimum wage. Nor does he claim that the allegedly compensable time spent at doctor's appointments resulted in him working more than 40 hours in a week without receiving overtime pay. This is yet another, independent reason that Plaintiff fails to state a claim for relief under the FLSA.

### III.   Plaintiff's Complaint Fails Because He Does Not Assert a Claim Within the FLSA's Statutory Recovery Period

Substantive fatal features notwithstanding, Plaintiff's Complaint fails to evince an actionable claim within the FLSA's statute of limitations. This is yet another reason that his Complaint is due to be dismissed.

The FLSA provides for a two-year statute of limitations running from the time wages due go unpaid in a given workweek. *See* 29 U.S.C. § 255(a); *Reich v. Dep't of Conservation & Nat. Res., State of Ala.*, 28 F.3d 1076, 1084 (11th Cir. 1994). An employer's willful violation of the statute expands the recovery period to three years. *Id.* Whatever the statute of limitations,

be it two years or three, it is tolled and looks backward from the date a complaint is filed. *See* 29 U.S.C. § 256.

Plaintiff filed his Complaint on March 11, 2020. (ECF 1). As a result, his claims reach back no further than March 11, 2018 under the FLSA's standard two-year statute of limitations, or to March 11, 2017 if, *arguendo*, he could be deemed to have unlocked the three-year period reserved for willful violations despite failing to allege a single fact in support of willfulness. Plaintiff claims he worked for Publix both before and after this cutoff, from November 2015 until December 28, 2019. (*Id.* at 3). Yet, Plaintiff does not allege when, exactly, the at-issue doctor appointments occurred, leaving open the possibility that his claims—in addition to being substantively untenable, as set forth in Sections I and II—are time-barred and therefore deficient as a matter of law.

## CONCLUSION

Plaintiff does not allege that Publix directed him to receive medical care; that his attendance at the at-issue doctor appointments resulted in non-payment of overtime or minimum wages; or that the purported unlawful conduct took place within the FLSA's statute of limitations. Any one of these failures suffices to undermine Plaintiff's attempt to state a claim under the FLSA. Publix's motion should be granted and Plaintiff's Complaint dismissed.

Date: May 8, 2020

Respectfully submitted,

By: *s/ Kevin M. Young*
Kevin M. Young
Florida Bar No. 114151
kyoung@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile:  (404) 892-7056

COUNSEL FOR DEFENDANT